BLEUL, Appellant, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*December 7, 1936—January 12, 1937.*

For the appellant there was a brief by *Lecher, Michael, Whyte & Spohn,* and oral argument by *Herman E. Friedrich,* all of Milwaukee.

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

FOWLER, J.   The only ground of liability claimed by the plaintiff is that the train was traveling at an excessive rate of speed, which was placed by witnesses as high as seventy miles per hour.   The case is ruled by *Brager v. Milwaukee E. R. & L. Co.* 220 Wis. 65, 264 N. W. 733, unless we can say that the fact that the interurban car was derailed by the collision and overturned distinguishes this case from that.   The injuries involved in the *Brager Case* were sustained by the driver of an automobile which was struck by an interurban car at a highway crossing.   Here they were sustained by a passenger in the interurban car who was injured by the over-

turning of the car. Had there been no collision and the car had overturned and been derailed because of its speed, we would have a different case. But as the overturning of the car was caused by the collision with the automobile, there is, as was held in the *Brager Case,* no causal connection between the speed and the plaintiff's injuries. It is true that a speed may be assumed that would have prevented the derailment by the collision. But this does not reach the point of the case. The conduct of the motorman, to have been negligent in an actionable sense, must have been such that derailment because of the speed ought reasonably to have been foreseen by him. But to hold that it ought to have been so foreseen in the instant case would require us to hold that the motorman ought to have foreseen that the driver of the automobile would not stop for the car to pass. The court held in the *Brager Case* that this could not be imputed to him. It was there held that the motorman might rightly assume that the automobile would stop until he observed to the contrary, and that it was then too late to do anything to prevent the collision. This element of negligence is as wanting in the instant case as in the *Brager Case.* There are here no special circumstances to differentiate the two cases. The driver of the automobile had an unobstructed view of two thousand feet toward the approaching train for the last five hundred feet of his approach to the intersection. There is no need to add to the discussion of the point involved contained in the opinion of the *Brager Case.*

*By the Court.*—The judgment of the circuit court is affirmed.